**Haralambos TSAOYSSIDIS, Plaintiff,**

**v.**

**M/V MAR STAR and Marlineas Mundiales, S.A., Defendants.**

**Civ. No. 743–71.**

United States District Court,
D. Puerto Rico.

Aug. 6, 1973.

Nachman, Feldstein & Gelpí, San Juan, P. R., for plaintiff.

Hartzell, Ydrach, Mellado, Santiago Pérez & Novas, San Juan, P. R., for defendants.

## ORDER

TOLEDO, District Judge.

The defendant has moved to dismiss the complaint on the ground that the Court should, in its discretion, decline to accept jurisdiction under the doctrine of forum non conveniens.

The following appears to be the pertinent factual background:

The plaintiff is a Greek national and was on September 20, 1971, a member of the crew of the M/V Mar Star. The vessel was owned by the defendant, Mar-lineas Mundiales, S.A., a business entity organized and existing under the laws of the Republic of Panama and flew the flag of the Republic of Liberia. The officers, directors and stockholders of Marlineas Mundiales, S.A. are residents of Greece and the vessel is insured by the West of England Shipowners Mutual P. & I. Club of England. The accident occurred in navigable waters of the United States in the port of San Juan, Puerto Rico.

An action was filed in admiralty and a letter of undertaking was posted for release of the vessel. Depositions de bene esse of the plaintiff, a crewmember and the Captain were taken before the vessel departed San Juan. The plaintiff received two months of hospital treatment at the Presbyterian Community Hospital in San Juan, Puerto Rico.

## MERITS

In Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, the Supreme Court in a similar case discussed the several factors which alone or in combination are generally conceded to influence choice of law to govern a tort claim, particularly a maritime tort claim and the weight and significance accorded them. The various factors discussed were: (1) Place of wrongful act; (2) Law of flag; (3) Allegiance or domicile of the injured; (4) Allegiance of the defendant shipowner; (5) Place of contract; (6) Inaccessibility of foreign forum; and (7) The law of the forum.

Just from a listing of the factors, the place of the wrongful act and the law of the forum would militate in favor of American statutory and non-statutory law. The allegiance or domicile of the injured and the inaccessibility of the foreign forum would militate in favor of the law of Greece. The place of contract is difficult to determine because the plaintiff signed a contract in Greece but signed Articles and joined the vessel in the United States. Moreover, it is alleged by plaintiff that the contract that was signed in Greece is a nullity. The law of the flag and the allegiance of the

defendant shipowner militate in favor of the law of Liberia.

As the Supreme Court said at pages 584–585, 73 S.Ct. at pages 930–931:

"Perhaps the most venerable and universal rule of maritime law relevant to our problem is that which gives cardinal importance to the law of the flag. Each state under international law may determine for itself the conditions on which it will grant its nationality to a merchant ship, thereby accepting responsibility for it and acquiring authority over it . . .

This Court has said that the law of the flag supersedes the territorial principle, even for purposes of criminal jurisdiction of personnel of a merchant ship, because it 'is deemed to be a part of the territory of that sovereignty [whose flag it flies], and not to lose that character when in navigable waters within the territorial limits of another sovereignty' . . . It is significant to us here that the weight given to ensign overbears most other connecting events in determining applicable law."

The law of the flag is Liberian. The shipowner chose to register his vessel in that country. Liberia has enacted a section which provides "insofar as it does not conflict with any other provision of this Title, the non-statutory general maritime law of the United States of America is hereby declared to be and is hereby adopted as the General Maritime Law of the Republic of Liberia."

 There is, therefore, no difficulty in this Court's trying the case since it will apply the general maritime law of the United States which has been adopted by the Republic of Liberia.

The shipowner, however, contends that the contract signed in Greece between the seaman and itself prohibits any other law but the law of Greece.[1]

Section 320 of the Liberian Maritime Code, provides that Shipping Articles are required and the regulations promulgated under said statute provide for a specific form for Shipping Articles under Liberian law. (Regulation No. 10.-320). Said statute, regulation and specific articles prohibit any foreign law or regulation to govern the employment of a seaman aboard a Liberian vessel other than that of the Republic of Liberia.

 In view of the foregoing, we find that it would be an extreme hardship upon the seaman, plaintiff herein, to have his case tried anywhere other than the United States of America or Liberia. Since neither the seaman nor the shipowner have instituted any proceedings in Liberia and this case is scheduled for trial here, the motion to dismiss is hereby denied. It is so ordered.

---

1. We have said that plaintiff alleges the contract signed by him in Greece is null. Such assertion seems to be adequate.